## FELICIANO CORDOVA v. THE STATE.

1. PRACTICE. — Even though no statement of facts be embodied in the record, this court may revise rulings of the court below involving the evidence, provided a proper bill of exceptions authenticates all the evidence which can affect the question.

2. CONTINUANCE. — An application for a continuance does not show diligence if it merely states the issuance and non-return of process for the absent witness. Nor does a showing of diligence suffice, unless the materiality of the desired testimony be also made apparent.

3. PRACTICE. — Whether direct or circumstantial in its nature, the weight of the evidence is for the determination of the jury, under proper instructions from the court. If the age of the accused is a question in the case, it is a question for the determination of the jury.

4. PRACTICE. — Notwithstanding an appeal was taken from a judgment of conviction in a felony case, the court below proceeded to pass sentence. This is held to have been irregular, and is set aside, but without disturbing the judgment.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

There is no statement of facts. The indictment, however, also impleaded José Cordova, in the report of whose case (*ante*, p. 207) will be found the main facts of the homicide, but, presumably, not all the evidence which inculpated this defendant.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.    This appeal is from a judgment of conviction of murder in the first degree, on an indictment which charges the appellant with the murder of Robert Trimble, in Bexar County, on July 7, 1877.

There are four bills of exception to rulings on the trial, set out in the transcript. The first three relate to rulings upon the evidence. The fourth is as to the ruling of the court refusing the application of the defendant for a continuance. It appears from the record that the accused was represented by counsel on the trial below, but in this court there has been no appearance of counsel in his behalf, either in person or by brief, notwithstanding he has been convicted of murder, and adjudged to suffer the extreme penalty of the law. On an examination of the transcript, we fail to find any statement of the evidence upon which the conviction was had, or any assignment of errors upon which reliance is placed for a reversal of the judgment.

The first ground set out in the motion for a new trial is, that the court erred in overruling defendant's application for continuance. The second, third, and fourth grounds of the motion are complaints against the rulings of the court upon the evidence, corresponding with the first, second, and third bills of exception. The fifth ground is, because the court erred in its charge to the jury. The sixth and seventh raise the question as to whether the verdict is sustained by the law and warranted by the testimony. The eighth ground of the motion for a new trial is the following: "Because no legal judgment can be rendered upon the verdict of the jury."

It may be that the rights of the appellant may suffer from the manner in which the case was prepared for appeal. We must, however, take the transcript as we find it. In

the absence of a statement of facts, we are prevented by a. long, unbroken line of authorities from inquiring into most of the grounds set out in the motion for a new trial, and mentioned in the bills of exception ; and for the reason that. the record does not furnish the *data* necessary to enable the court to pass upon them understandingly. In the present case, the questions raised by the bills of exception taken to the rulings of the court in admitting and excluding testimony, there being no statement of facts, and the several bills of exception not setting out the testimony upon the questions involved, we are unable to see its relevancy and materiality, so as to determine whether there was error in either admitting or excluding it from the jury. If the bill of exceptions had set out the entire testimony, so as to show the connection of that objected to, it would be sufficient to entitle it to be inquired into on appeal. See the authorities collated in *Brooks* v. *The State*, 2 Texas Ct. App. 1, and in *Carter* v. *The State*, 5 Texas Ct. App. 458.

There is but one question properly presented for revision, — and that only partially so, — and that is the one set out as the first ground in the motion for a new trial. It is shown by the record that the defendant applied for a continuance, and that the court refused the application. These facts appear by bill of exceptions. The application was based upon the absence of two witnesses, one said to reside in Guadalupe County and the other in Maverick County. The diligence used to procure the attendance of these witnesses is thus stated in the application : " The defendant has used due diligence to procure the attendance of said. witnesses, in this : that on the 20th day of November, 1878, he caused to be ordered and issued attachments to said two respective counties for said two witnesses." The affidavit for continuance was made and filed December 20, 1878. The process for the witnesses was not returned, and no excuse is offered for the delay. The diligence was not sufficient. But, even if diligence had been shown or

accounted for, the materiality of the testimony is not apparent upon the face of the affidavit or bill of exceptions, and its importance and materiality cannot otherwise be determined, in the absence of a statement of facts.

It may be inferred from the charge of the court that there was some question as to whether the defendant, at the date the offence was committed, had attained the age at which, under the law, he could be punished capitally, if guilty of the crime. It may also be inferred, from the charge given to the jury, and from special instructions asked by the defendant's counsel, that his guilt depended on circumstantial evidence. On these subjects the presiding judge gave the jury full and fair instructions, in language so plain as that the jury could not have been mistaken as to the law on these branches of the case. Under the charge, as under the law, it became the duty of the jury to find that the defendant, after giving him the benefit of the legal presumption of innocence, was guilty of having perpetrated the crime himself, or of participating with others in its perpetration, with knowledge of their guilty intent; and that the testimony must be sufficient in character and amount to satisfy them of his guilt, beyond a reasonable doubt; and, not only so, but the proof must be of so conclusive a character as to exclude every other reasonable hypothesis save that he was guilty. The jury, under these instructions, convicted him; and the judge, who heard the witnesses testify, — the opportunity being offered on the hearing of the motion for a new trial, — determined that the proofs were sufficient to warrant the verdict of guilty, and that he had properly instructed them as to the law, refused to set the verdict aside and grant a new trial. The main charge being sufficient on the matters embraced in the special charge asked by the defendant, there was no error in refusing to give them to the jury.

Looking at the whole case as made by the record, and scrutinizing it to the fullest extent we are permitted, with-

out the testimony before us, we find that the appellant has been tried before a competent tribunal, upon a valid indictment, properly presented by a grand jury; that the law of the case was correctly enunciated in the charge of the court; and that it has been determined by a legally organized petit jury that he has been proved guilty of the crime charged in the indictment. All the legal rights of the accused appear to have been properly guarded, in so far as the question of guilt is concerned, and in so far as the merits of this appeal relate to the finding of the jury and the validity of the judgment.

The judge has fallen into an error as to the execution of the judgment, in passing sentence on the appellant after his motion for a new trial had been overruled and he had given notice of appeal. The act of March 9, 1879, which provides that, in cases of felony, sentence shall be pronounced before the appeal is taken, etc., has no reference to capital felonies, when the death penalty is imposed. The first part of the amended article 794 of the Code of Criminal Procedure (Gen. Laws 1879, p. 70) is as follows: "When an appeal is taken in cases of felony, where the verdict prescribes the death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Appeals has been received." Now, whilst it is true this amendment of the Code had not been enacted at the time of this trial, yet we regard it as a legislative expression on a question of practice in capital cases which we do not feel warranted in questioning, except to say that it would not apply to a proper appeal from the sentence, taken before its passage. The sentence, which fixes a day and a place for the execution of the appellant, is set aside.

Finding no error in the proceedings, so far as they relate to the trial and conviction, and the refusal to grant a new trial, the judgment must be affirmed.

*Affirmed.*